ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Apple Inc.,<br><br>Defendant. | Case No. **'13CV0785 MMA BLM**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Apple Inc. ("Apple" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, § 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for the infringement of its U.S. Patent Nos. 5,842,170; 5,742,737; and 5,491,774.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent

infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital is headquartered and has its principal place of business in this district, engages in business in this district, and has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Southern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Southern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Southern District of California.

## PARTIES

5. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

6. Upon information and belief, Defendant Apple Inc. is a corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-2-
COMPLAINT

registered and lawfully existing under the laws of the State of California, with an office and principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

## THE ASSERTED PATENTS

7. On November 24, 1998, United States Patent No. 5,842,170 ("the '170 patent") entitled "Method For Editing In Hand Held Recorder," was duly and legally issued by the United States Patent and Trademark Office. The named inventors are Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater. e.Digital is the assignee and owner of the entire right, title and interest in and to the '170 patent and has the right to bring this suit for damages and other relief. A true and correct copy of the '170 patent is attached hereto as Exhibit A.

8. On April 21, 1998, United States Patent No. 5,742,737 ("the '737 patent") entitled "Method For Recording Voice Messages On Flash Memory In A Hand Held Recorder," was duly and legally issued by the United States Patent and Trademark Office. The named inventors are Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater. e.Digital is the assignee and owner of the entire right, title and interest in and to the '737 patent and has the right to bring this suit for damages and other relief. A true and correct copy of the '737 patent is attached hereto as Exhibit B.

9. On October 17, 2012, the United States Patent and Trademark Office issued a Reexamination Certificate for the '737 patent, canceling Claim 5 and adding new Claim 13, which is substantially identical to former claim 5. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit C.

10. On February 13, 1996, United States Patent No. 5,491,774 ("the '774 patent") entitled "Handheld Record And Playback Device With Flash Memory," was duly and legally issued by the United States Patent and Trademark Office. The named inventors are Elwood G. Norris, Norbert P. Daberko, and Steven T. Brightbill. e.Digital is the assignee and owner of the entire right, title and interest

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

*COMPLAINT*

in and to the '774 patent and has the right to bring this suit for damages and other relief. A true and correct copy of the '774 patent is attached hereto as Exhibit D.

11. On August 14, 2012, the United States Patent and Trademark Office issued a Reexamination Certificate for the '774 patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit E.

## COUNT ONE

## INFRINGEMENT OF THE '170 PATENT BY DEFENDANT

12. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

13. Upon information and belief, Defendant, without authority, (a) has directly infringed and continues to directly infringe the '170 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '170 patent in violation of 35 U.S.C. § 271(a); (b) has induced and continues to induce infringement of one or more claims of the '170 patent in violation of 35 U.S.C. § 271(b); and (c) has contributed and continue to contribute to the infringement of one ore more claims of the '170 patent in violation of 35 U.S.C. § 271(c).

14. The accused products for purposes of the '170 patent include but are not limited to the Apple iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, and iPhone 5 mobile devices; the Apple iPad series of tablets (excluding the first generation); the Apple iPad Mini series of tablets; the Apple iPod Touch series of devices (excluding the first generation); the MacBook Pro series of computers; the MacBook Air series of computers.

15. The accused products, alone or in combination with other products, practice each of the limitations of independent claims 1 and 7 and dependent claims 2 through 4, 8 through 9, and 11 through 12 of the '170 patent.

16. Upon information and belief, Defendant, without authority, has actively induced infringement and continue to actively induce infringement of the

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

*COMPLAINT*

'170 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '170 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '170 patent. On information and belief, Defendant has induced and continues to induce infringement by instructing customers to operate the products in an infringing manner and/or when Defendant test or otherwise operate the accused products in the United States.

17. Upon information and belief, Defendant, without authority, has contributed and continues to contribute to the infringement of the '170 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) embody and constitute a material part of the invention of the '170 patent, (2) Defendant knows to be especially adapted for use in infringing the '170 patent, and (3) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '170 patent.

18. Based on information and belief, Plaintiff alleges that Defendant sells, ships, or otherwise delivers the accused products with all the features required to infringe the asserted claims of the '170 patent. On information and belief, these products are designed to practice the infringing features.

19. Defendant had knowledge of infringement of the '170 patent since at least the filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of complaints against others within Defendant's industry. On information and belief, Defendant has continued to sell products that practice the '170 patent after acquiring knowledge of infringement.

20. Plaintiff alleges upon information and belief, that the infringement by Defendant has been and is willful. Plaintiff has been irreparably harmed by these acts of infringement and has no adequate remedy at law. Upon information and belief, infringement of the '170 patent is ongoing and will continue unless

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

Defendant is enjoined from further infringement by the court.

## COUNT TWO

## INFRINGEMENT OF THE '737 PATENT BY DEFENDANT

21. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

22. Upon information and belief, Defendant, without authority, (a) has directly infringed and continues to directly infringe the '737 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '737 patent in violation of 35 U.S.C. § 271(a); (b) has induced and continues to induce infringement of one or more claims of the '737 patent in violation of 35 U.S.C. § 271(b); and (c) has contributed and continues to contribute to the infringement of one ore more claims of the '737 patent in violation of 35 U.S.C. § 271(c).

23. The accused products for purposes of the '737 patent include but are not limited to the Apple iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, and iPhone 5 mobile devices; the Apple iPad series of tablets (excluding the first generation); the Apple iPad Mini series of tablets; the Apple iPod Nano series of devices (excluding the first generation); the Apple iPod Touch series of devices (excluding the first generation); the MacBook Pro series of computers; and the MacBook Air series of computers.

24. The accused products, alone or in combination with other products, practice each of the limitations of independent claim 1 and dependent claim 3 of the '737 patent; and independent claim 4 of the '737 patent.

25. The MacBook accused products, with a slot for a flash memory module, alone or in combination with other product also infringe each and every element of independent claims 9 and 13 and dependent claims 6 and 7 of the '737 patent.

26. Upon information and belief, Defendant, without authority, has

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

actively induced infringement and continues to actively induce infringement of the '737 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '737 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '737 patent. On information and belief, Defendant has induced and continues to induce infringement by instructing customers to operate the products in an infringing manner and/or when Defendant tests or otherwise operates the accused products in the United States.

27. Upon information and belief, Defendant, without authority, has contributed to and continues to contribute to the infringement of the '737 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) constitute a material part of the invention of the '737 patent, (2) Defendant knows to be especially adapted for use in infringing the '737 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '737 patent.

28. Based on information and belief, Plaintiff alleges that Defendant sells, ships, or otherwise delivers the accused products with all the features required to infringe the asserted claims of the '737 patent. On information and belief, these products are designed to practice the infringing features.

29. Defendant had knowledge of infringement of the '737 patent since at least the filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of complaints against others within Defendant's industry. On information and belief, Defendant has continued to sell products that practice the '737 patent after acquiring knowledge of infringement.

30. Upon information and belief, the infringement by Defendant has been and is willful.

31. Plaintiff has been irreparably harmed by these acts of infringement

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

and has no adequate remedy at law. Upon information and belief, infringement of the '737 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## COUNT THREE

## INFRINGEMENT OF THE '774 PATENT BY DEFENDANT

32. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

33. Upon information and belief, Defendant, without authority, (a) has directly infringed and continue to directly infringe the '774 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '774 patent in violation of 35 U.S.C. § 271(a); (b) has induced and continues to induce infringement of one or more claims of the '774 patent in violation of 35 U.S.C. § 271(b); and (c) has contributed and continues to contribute to the infringement of one ore more claims of the '774 patent in violation of 35 U.S.C. § 271(c).

34. The accused products for purposes of the '774 patent include but are not limited to certain MacBook Pro series, and the MacBook Air series computers that are capable of use with removable flash memory device.

35. The accused products, alone or in combination with other products, practice each of the limitations of independent claims 33 and 34, and dependent claims 2, 6,10, 15 through 17, 23 through 26, and 28 through 31 of the '774 patent.

36. Upon information and belief, Defendant, without authority, has actively induced infringement and continues to actively induce infringement of the '774 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '774 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '774 patent. On information and belief, Defendant has induced and continues to induce infringement by instructing customers to operate the products in an infringing

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

1 manner and/or when Defendant tests or otherwise operates the accused products in the United States.

37. Upon information and belief, Defendant, without authority, has contributed to and continues to contribute to the infringement of the '774 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) constitute a material part of the invention of the '774 patent, (2) Defendant knows to be especially adapted for use in infringing the '774 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '774 patent.

38. Based on information and belief, Plaintiff alleges that Defendant sells, ships, or otherwise delivers the accused products with all the features required to infringe the asserted claims of the '774 patent. On information and belief, these products are designed to practice the infringing features.

39. Defendant had knowledge of infringement of the '774 patent since at least the filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of complaints against others within Defendant's industry. On information and belief, Defendant has continued to sell products that practice the '774 patent after acquiring knowledge of infringement.

40. Upon information and belief, the infringement by Defendant has been and is willful.

41. Plaintiff has been irreparably harmed by these acts of infringement and has no adequate remedy at law. Upon information and belief, infringement of the '774 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendant be declared to have infringed the Patents-in-Suit;

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

2. That Defendant's infringement of the Patents-in-Suit has been deliberate and willful;

3. Preliminarily and permanently enjoining the Defendant's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from infringement of the Patents-in-Suit, including nut not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

4. Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

5. Enhancing Plaintiff's damages up to three (3) times their amount pursuant to 35 U.S.C. § 284;

6. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

7. Awarding such other relief as this Court may deem just and proper.

**HANDAL & ASSOCIATES**

Dated: April 1, 2013

By: /s/ Pamela C. Chalk
Anton N. Handal
Gabriel G. Hedrick
Pamela C. Chalk
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

**HANDAL & ASSOCIATES**

Dated: April 1, 2013

By: /s/ Pamela C. Chalk
Anton N. Handal
Gabriel G. Hedrick
Pamela C. Chalk
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323