1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: E.DIGITAL CASES | Case nos. |
| | 12cv2543-DMS (WVG) |
| | 12cv2696-DMS (WVG) |
| | 12cv2698-DMS (WVG) |
| | 12cv2701-DMS (WVG) |
| | 12cv2800-DMS (WVG) |
| | 12cv2825-DMS (WVG) |
| | 12cv2877-DMS (WVG) |
| | 12cv2879-DMS (WVG) |
| | 12cv2891-DMS (WVG) |
| | 12cv2899-DMS (WVG) |
| | 12cv2997-DMS (WVG) |
| | 13cv0023-DMS (WVG) |
| | 13cv0112-DMS (WVG) |
| | 13cv0356-DMS (WVG) |
| | 13cv0780-DMS (WVG) |
| | 13cv0781-DMS (WVG) |
| | 13cv0782-DMS (WVG) |
| | 13cv0783-DMS (WVG) |
| | 13cv0785-DMS (WVG) |
| | **ORDER SETTING INITIAL CONFERENCE** |

It appearing that some or all of the above referenced cases may merit coordination, the Court orders:

1.    *Initial Conference.*  All parties shall appear for a telephonic conference with the undersigned on **May 29, 2013**, at **11:00 a.m.**  Plaintiff's counsel shall coordinate a dial-in number for all counsel to

- 1 -

1  participate in the May 29, 2013 conference call.  Once all counsel are on the line, Plaintiff's counsel

2  shall contact Chambers at 619-557-6262 to conference the Court into the conference call.

3    (a)  *Attendance*.  To minimize costs and facilitate a manageable conference, the conference

4        shall be conducted telephonically, and parties with similar interests are expected to agree

5        to the extent practicable on a single attorney to act on their joint behalf at the conference.

6        A party will not, by designating an attorney to represent its interests at the conference,

7        be precluded from other representation during the litigation; and appearance at the

8        conference will not waive objections to jurisdiction, venue, or service.  Counsel

9        attending shall have authority to agree to case management dates.  The Court is not

10       inclined to reschedule the May 29, 2013 conference call.  Should any counsel have a

11       conflict with the date and time for the call, he or she shall arrange to have another

12       attorney available for the call.

13   (b)  *Service*.  This order is being distributed through this District's electronic case filing

14       system to all counsel who have made appearances in the above-captioned cases.  As a

15       courtesy, Plaintiff's counsel shall provide a copy of this order to defense counsel who

16       have yet to make an appearance, but are known to Plaintiff's counsel as representing a

17       defendant in the above-captioned cases.  Plaintiff's counsel shall also provide, as a

18       courtesy, a copy of this order to defense counsel in any related cases it anticipates will

19       be transferred to the undersigned pursuant to Civil Local Rule 40.1.e.

20   (c)  *List of Participants*.  On or before noon on May 28, 2013, Plaintiff's counsel shall

21       submit a list identifying all participants for the conference and whom they represent.

22       The list shall be submitted by e-mail to efile_sabraw@casd.uscourts.gov and

23       efile_gallo@casd.uscourts.gov.

24  2.  *Purposes and Agenda*.  The conference will be held for the purposes specified in Federal Rules

25  of Civil Procedure 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).

26  Counsel should be prepared to discuss the following issues:

27   (a)  the filing on a coordinated basis of any Rule 12(b) motions and any other motions which

28       do not require discovery, including the joint motion to file a first amended complaint and

for dismissal of certain defendants and counterclaimants, motions to stay, and motions to dismiss willful infringement allegations;

(b)    the initial disclosure dates under Federal Rule of Civil Procedure 26(a), and any anticipated objections under Rule 26(a)(1)(E) to the initial disclosure provisions of Rule 26(a)(1)(A)-(D);

(c)    same with respect to the disclosures and document productions pursuant to Patent Local Rule 3;

(d)    any proposed modification to the procedure provided in the Patent Local Rules, and the effect of any such modification on the date and time of the claim construction hearing, if any;

(e)    entering into a joint defense agreement for purposes of preparing initial invalidity contentions and claim construction submissions;

(f)    the claim construction hearing, related due dates, and whether the parties desire to present live testimony at the hearing;

(g)    any need for or specific limitations on claim construction discovery, including deposition of percipient and expert witnesses;

(h)    the order of presentation at the claim construction hearing;

(i)    discovery due dates, including expert disclosure and discovery due dates, whether the parties request that discovery be parsed to minimize duplication of effort and promote efficiency, and any proposed modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure;

(j)    the timing of summary judgment motions and their relationship to claim construction;

(k)    any issues that could potentially give rise to dispositive motions, including related discovery; and

(l)    suggestions for procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

Counsel are encouraged to advise the Court as soon as possible of any items that should be added to this agenda.

3.    *Preparations for Conference*.

  (a)    *Procedures for Patent Litigation*.  Counsel are expected to familiarize themselves with this District's Local Rules and Patent Local Rules, and the Rules for the undersigned's Chambers, specifically Chambers Rule 4.C.  The Local Rules and Chambers Rules are available on the Court's website at www.casd.uscourts.gov.

  (b)    *Initial Conference of Counsel*.  Before the conference, counsel shall meet and confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, motions, claim construction, and trial.

  (c)    *Preliminary Reports*.  Plaintiff's counsel will submit to the Court no later than noon on May 24, 2013, a brief joint written statement indicating the parties' preliminary understanding of the patents and accused devices involved in the litigation, and the critical factual and legal issues.  These statements will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.  The statements should not be filed with the Clerk, but should be e-mailed to efile_sabraw@casd.uscourts.gov and efile_gallo@casd.uscourts.gov.

  (d)    *Patent Information*.  The joint statement shall discuss whether the asserted patents, or any related patents, have been litigated in actions against other parties and the outcome of any such action(s); and whether the asserted patents, or any related patents, have been or may be subject to reexamination or inter partes review by the United States Patent Office, and the outcome of any such proceedings.

  (e)    *List of Pending Motions*.  The joint statement shall list all pending motions.

  (f)    *List of Affiliated Companies and Counsel*.  To assist the Court in identifying any problems of recusal or disqualification, Plaintiff's counsel will submit to the Court no later than noon on May 28, 2013, a comprehensive list of all companies affiliated with the parties and all counsel associated in the litigation.

4.  *Interim Measures*.  Until otherwise ordered by the Court:

    (a)  *Pleadings*.  Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

    (b)  *Pending and New Discovery*.  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

    (c)  *Preservation of Records*.  All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

    (d)  *Motions*.  No motion shall be filed under Rule 11, 12, or 56 without leave of Court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matters without court action.

5.  This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

6.       If an order of dismissal is entered in any of the above-captioned cases or a notice of voluntary dismissal is filed pursuant to Federal Rule of Civil Procedure 41(a), counsel for dismissed parties is excused from attending the May 29, 2013 conference call.

      **IT IS SO ORDERED.**

DATED:  May 6, 2013

_____
HON. DANA M. SABRAW
United States District Judge