1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: e.DIGITAL CASES        )  Civil Nos.
                                   )
12                                 )  12-2696-DMS(WVG)
                                   )  12-2698-DMS(WVG)
13                                 )  12-2701-DMS(WVG)
                                   )  12-2825-DMS(WVG)
14                                 )  12-2877-DMS(WVG)
                                   )  12-2891-DMS(WVG)
15                                 )  12-2899-DMS(WVG)
                                   )  12-2997-DMS(WVG)
16                                 )  13-0023-DMS(WVG)
                                   )  13-0112-DMS(WVG)
17                                 )  13-0356-DMS(WVG)
                                   )  13-0780-DMS(WVG)
18                                 )  13-0781-DMS(WVG)
                                   )  13-0782-DMS(WVG)
19                                 )  13-0783-DMS(WVG)
                                   )  13-0785-DMS(WVG)
20                                 )
                                   )  ORDER REGARDING DISCOVERY
21   _____)

22

23        Pursuant to paragraph 1 of the Order After Case

24   Management Conference, dated May 30, 2013, "these cases

25   are deemed consolidated for discovery... purposes." The

26   Court recognizes that some discovery issues may require

27   individualized treatment while others may present univer-

28   sal concerns. Thus, it will be more efficient to address

the discovery issues that present universal concerns in an omnibus fashion, bearing in mind the admonition found in 35 U.S.C. § 299.

The following discovery issues were presented by the parties in their Joint Rule 26(f) Statement and Discovery Plan:

(1) <u>Electronically Stored Information [Fed.R. Civ. P. 26(f)(3)(c)]</u>

Defendants jointly have proposed that the request for production of emails must be supported by good cause. Plaintiff opposes the requirement of having to show good cause.

After considering the written arguments of counsel, the Court finds the resolution of this issue is appropriate without further briefing or oral argument.

IT IS HEREBY ORDERED that the parties comply with paragraphs 8-12 of the Model Order Covering Discovery of Electronically Stored Information in Patent Cases (hereafter "Model Order"). Under the Model Order, no good cause is required. Defendants have not demonstrated why imposing such a burden is necessary. Therefore, a showing of good cause will not be imposed on the parties. The parties are reminded to comply with not only the letter, but the spirit, of the rule set forth in paragraph 8 of the Model Order and only request emails related to "<u>specific issues</u>."

12cv2696

1          (2) <u>Privilege Issues [Fed. R. Civ. P. 26(f)(3)(D)]</u>

2                  a. Privilege Log

3          The parties agree in principle that communications

4    and work product occurring on and after the date of filing

5    a lawsuit will generally be exempted from inclusion in a

6    privilege log on the theory that it would be burdensome to

7    catalogue all such communications. However, the parties

8    disagree about which lawsuits filed by Plaintiff trigger

9    the relaxed requirement. Plaintiff contends that communi-

10   cations and work product generated during litigation in

11   <u>e.Digital v. Avid Technology, et al.</u>, 08cv0093 (E.D. TX)

12   and <u>e.Digitial v. Pentax, et al.</u>, 09cv2578 (D. Col.)

13   should be exempted.

14          Regarding the cases filed in this district, Plain-

15   tiff submits that all communications and work product

16   beginning with the filing of the first case in <u>e.Digital</u>

17   <u>v. Diasonic Technology, et al.</u>, 12cv2543 (S.D. Cal.) on

18   October 15, 2012, should be exempted whereas Defendants

19   claim that the exemption should begin with <u>e.Digital v.</u>

20   <u>San Disk, et al.</u>, 12cv2689 (S.D. Cal), filed on November

21   5, 2012.

22          Defendants are silent on whether communications and

23   work product in the Texas and Colorado cases should or

24   should not be included in a privilege log, but perhaps

25   implicitly argue that they should not be by contending

26   that the exemption should not begin until the filing of

27   the <u>San Disk</u> case on November 5, 2012.

28

12cv2696

1    After considering the written arguments of counsel,

2    the Court finds the resolution of this issue is appropri-

3    ate without further briefing or oral argument.

4    Defendants have not provided any justification to

5    make an exception for communications and work product

6    occurring during the Colorado case or the San Diego cases

7    filed before San Disk. The basis for exempting communica-

8    tions and work product from inclusion in a privilege log

9    is equally valid for cases filed before San Disk in this

10   district and in Colorado as it is for cases filed on and

11   after the date the San Disk case was filed. However, as to

12   the Texas case, the Court is without sufficient informa-

13   tion to render a ruling.

14   Regarding the Texas case, on or before June 14,

15   2013, the parties shall file a Joint Statement of no more

16   than 4 pages (2 for Plaintiff, 2 for all Defendants

17   jointly) that identifies the patents involved, generally

18   describes the resolution of the case, and whether this

19   case should be treated similarly to the Colorado case.

20   Accordingly, IT IS HEREBY ORDERED that all communi-

21   cations and work product occurring on and after the filing

22   of the Colorado case until that case was finally resolved

23   are exempt from inclusion in the privilege log. Also, all

24   communications and work product with the filing of the San

25   Diego Diasonic case are likewise exempt from inclusion in

26   the privilege log.

27

28

12cv2696

1     b. Reexamination of the Asserted Patents

2     Defendants also raise a separate, but related, issue

3 regarding documents generated in the reexamination of the

4 asserted patents. The Court has insufficient information

5 to rule on this issue. Accordingly, the parties are to

6 file a Joint Statement of no more than 6 pages (3 pages

7 for Plaintiff, 3 pages for all Defendants jointly), no

8 later than <u>June 14, 2013</u>.[1]/

9     c. Privilege Log Contents

10    If a party producing documents responsive to a

11 Request for Production of Documents claims a privilege for

12 a document or documents, the producing party shall serve

13 on all parties a privilege log. The parties shall comply

14 with the following:

15    Privilege logs should separately identify the

16 following categories of information for each document for

17 which a privilege is asserted. Privilege logs shall be

18 prepared in a chart format using the following categories

19 as column headers:

20    1.  Date of creation of document;

21    2.  Author;

22    3.  Primary addressee [and the relationship of that

23        person(s) to the client and/or author of the

24        document];

25    4.  Secondary addressee(s); persons copied and

26        recipient [and the relationship of that  per-

27

28      [1]/The parties may combine the two areas requiring a Joint Statement into one
Joint Statement of no more that 10 pages (5 pages for Plaintiff, 5 pages for all
Defendants jointly).

son(s) to the client and/or author of the
document];

    5.  Type of document (e.g., internal memo, letter
with enclosures, draft affidavit, etc.);

    6.  Client (i.e., party asserting privilege);

    7.  Attorneys;

    8.  Subject matter of document or privileged commu-
nication;

    9.  Purpose of document or privileged communication
(i.e., basis for legal claim for privilege);

    10. Whether the document or communication is
work-product or attorney-client privilege;

    11. Identify each document by number or lettering
system.[2]

    (3) <u>Depositions</u>

The parties generally agree that the Federal Rules
of Civil Procedure regarding expert witness depositions
shall apply, subject to modification to suit the unique
circumstances of this case. However, the parties cannot
agree on those modifications.

After considering the written arguments of counsel,
the Court finds the resolution of this issue is appropri-
ate without further briefing or oral argument.

IT IS HEREBY ORDERED as follows:

    (1) Each expert witness to file a report shall
be subject to one (1) deposition per issue and per patent

---

[2] The privilege log list is based on <u>Miller v. Pancucci</u>, 141 FRD 292, 302 (C.D.Cal 1992). (Item #11 was added by this Court)

12cv2696

upon which he/she will opine (e.g. infringement, non-infringement, invalidity). Defendants should designate a lead attorney to conduct the deposition inquiry on a per issue and per patent basis.

(2) The lead attorney for Defendants shall have a maximum of one (1) day (consisting of 7 hours) for the deposition on a per issue and per patent basis. Non-lead counsel for other Defendants may have an additional two (2) hours of deposition per issue and per patent, to cover areas unique to the individual Defendant without being repetitive or redundant with areas previously covered by lead counsel.

IT IS SO ORDERED.


DATED:  June 4, 2013


_____
Hon. William V. Gallo
U.S. Magistrate Judge

12cv2696