ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff and Counter-Defendant
e.Digital Corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: E.DIGITAL CASES | Case Nos.: 12cv2698-DMS (WVG) |
|---|---|
| | 12cv2701-DMS (WVG) |
| | 12cv2825-DMS (WVG) |
| | 12cv2877-DMS (WVG) |
| | 12cv2891-DMS (WVG) |
| | 12cv2899-DMS (WVG) |
| | 13cv0023-DMS (WVG) |
| | 13cv0112-DMS (WVG) |
| | 13cv0356-DMS (WVG) |
| | 13cv0780-DMS (WVG) |
| | 13cv0781-DMS (WVG) |
| | 13cv0782-DMS (WVG) |
| | 13cv0783-DMS (WVG) |
| | 13cv0785-DMS (WVG) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF E.DIGITAL CORPORATION'S OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL**

**Date: July 26, 2013**
**Time: 1:30 p.m.**
**Judge:  Hon. Judge Dana M. Sabraw**
**Ctrm: 13A (Annex)**

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................1

II.  STATEMENT OF FACTS.............................................................1

    A.   The Colorado Claim Construction Proceedings .....................1

    B.   Reexamination of the '774 Patent ........................................4

III. LEGAL STANDARD ....................................................................5

IV.  ARGUMENT ...............................................................................7

    A.   The Issues Presented Here Are Not Identical To Those Litigated
        In Colorado And, Thus, Were Not Fully And Fairly Litigated ...........7

        1.   The Reexamination History Was Not Available To The
            Colorado Court ..........................................................8

        2.   The Reexamination History Is Material To The
            Construction Of The Term Construed in Colorado. ...................9

        3.   New Claims 33 And 34 Of The '774 Patent Are Not
            Identical To Claims 1 And 19 Litigated In The Colorado
            Case ...........................................................................12

        4.   The *Gibson Guitar Corp.* Case Is Distinguishable....................14

    B.   The Colorado Case Did Not Proceed To Final Judgment.....................16

    C.   The Court Is Not Bound By The Claim Construction Decision
        Reached In The Colorado Case.............................................17

    D.   Collateral Estoppel Cannot Be Applied To The '108 Patent
        Because It Was Not Asserted In Colorado ...........................18

    E.   Alternatively, E.Digital Proposes That The Court Postpone
        Decision On The Motion Until After Completion Of *Markman*
        Proceedings ..................................................................21

V.   CONCLUSION .............................................................................22

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-i-

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

# TABLE OF AUTHORITIES

## CASES

*Aircraft Technical Publishers v. Avantext, Inc.,* 2009 WL 3817944, *3 (N.D. Cal. 2009)................................................................................................................6, 17

*Al-Site Corp. v. VSI Intern., Inc.,* 174 F.3d 1308, 1322, 50 U.S.P.Q.2d (BNA) 1161, 1169 (Fed. Cir. 1999) ................................................................................18

*Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed.Cir. 2011) ............................................................................................................................8

*Applied Med. Res. Corp. v. U.S. Surgical Corp*., 352 F.Supp.2d 1119, 1124–25 (C.D.Cal.2005) ..................................................................................................20

*Arizona v. California*, 530 U.S. 392, 414 (2000) ....................................................16

*Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.,* 129 F.3d 1247, 1250-51 (Fed. Cir. 1997).....................................................................................................................14

*Comair Rotron, Inc. v. Nippon Densan Corp.,* 49 F.3d 1535, 1539 (Fed. Cir. 1995) ..........................................................................................................................18

*Comcast Cable Communications Corp., LLC v. Finisar Corp.,* 2007 WL 1052821, *2 (N.D.Cal., Apr. 6, 2007).........................................................................6, 17

*Eakin Enterprises, Inc. v. Specialty Sales LLC*, 2012 WL 2445154, *10 (E.D. Cal. 2012)...................................................................................................................21

*Etagz, Inc. v. Quiksilver, Inc.* 2012 WL 2135497 (C.D. 2012)...............................21

*Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 234 (9th Cir.1989) .......................................................................................................6

*Foster v. Hallco*, 947 F.2d 469, 481-482 (Fed. Cir. 1991)...............................16, 19

*Gibson Guitar Corp. v. 745 LLC,* 2012 WL 90445 *3, 5 (M.D. Tenn. Jan. 11, 2012)...................................................................................................................15

*Gibson Guitar Corp. v. 745 LLC*, No. 3:11-cv-0058, 2012 WL 90445 (M.D.Tenn. 2012)...................................................................................................................15

*Gould v. Control Laser Corp*., 705 F.2d 1340, 1342 (Fed.Cir.1983).......................8

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) ...............................................7

-ii-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

*Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461, 477 (3d Cir. 1977)............................7

*Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) ........................5

*I-Flow Corp. v. Apex Medical Tech., Inc.,* 2010 WL 144405, (S.D. Cal. 2010).....14

*IGT v. Bally Gaming Intern., Inc.*, 659 F.3d 1109, 1117 n.1, 100 U.S.P.Q.2d 1524 (Fed. Cir. 2011) ...............................................................................................6, 17

*In re Cygnus Telecommunications Technology, LLC Patent Litigation*, 385 F.Supp.2d 1022, 1024 (N.D.Cal. 2005) ...............................................................8

*In re Freeman*, 30 F.3d 1459, 1467 (Fed. Cir. 1994)...............................................6

*International Gamco, Inc. v. Multimedia Games Inc.* 732 F.Supp.2d 1082 (2010)17

*Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir.1995)........................19

*Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1050 (9th Cir. 2008) .............................5

*Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266-67 (Fed. Cir. 2012)...................9

*Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1348 (Fed.Cir.1991) .......................14

*Monsanto Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235, 1244, 70 U.S.P.Q.2d (BNA) 1257, 1264 (Fed. Cir. 2004) ...................................................................19

*MSM Investments Co. v. Carolwood Corp.*, 70 F. Supp. 2d 1044, 1051–53 (N.D. Cal. 1999) ..........................................................................................................18

*Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 (9th Cir. 2001) ..................5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Civ. No. 08-309, 2009 WL 4928029, at *16-17 & n. 1 (D.Del. 2009) ...........................................7

*Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 2010 Markman 583960, 2010 WL 583960, *7 (N.D. Cal. 2010) ...........................................................................18

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010) ..........................................................................................................18

*ProtectConnect, Inc. v. Leviton Mfg. Co., Inc.*  2011 WL 1559762 (S.D.Cal. 2011) ...........................................................................................................................8

*RF Del., Inc. v. Pac. Keystone Techs, Inc.,* 326 F.3d 1255, 1261 (Fed. Cir. 2003) 14

-iii-

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.*, 326 F.3d 1255, 1262 (Fed. Cir. 2003) ...........................................................................................16

*Robert Bosch Healthcare Systems, Inc. v. ExpressMD Solutions, LLC*, 2013 WL 752474, *3, (N.D. Cal. 2013) ..............................................................................8

*Sorensen v. Emerson Elec. Co.*, 2011 WL 6752559, at*5-7 (S.D.Cal. Dec. 22, 2011)...........................................................................................................21

*St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, 2011 WL 66166, *6; 412 Fed.Appx. 270, 276 (Fed. Cir. 2011) .......................................................8

*St. Paul Fire & Marine Ins. Co. v. F.H.,* 55 F.3d 1420, 1425 (9th Cir.1995).........16

*Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal. 1995) .....................................................................................8

*Tech. Licensing Corp. v. Thomson Inc.*, Case No. 2:03-cv-1329-WBS-PAN, 2010, U.S. Dist. LEXIS 21735 (E.D. Cal. March 10, 2010)................................19, 20

*United States Internal Revenue Serv. V. Palmer (In re Palmer),* 207 F.3d 566, 568 (9th Cir. 2000) ...............................................................................................5

*Verizon Cal. Inc. v. Ronald A. Katz Licensing, L.P.,* 326 F.Supp.2d 1060, 1069 (C.D.Cal.2003) ...........................................................................................6, 17

*Visto Corp. v. Sproqit Technologies, Inc.*, 2006 WL 294802 (N.D. Cal. 2006) .6, 17

**STATUTES**

35 U.S.C.A. § 121 .................................................................................................18

**REGULATIONS**

37 C.F.R. § 1.141..................................................................................................18

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-iv-

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

## I.      INTRODUCTION

In their "Motion to Apply Collateral Estoppel Regarding Claim Construction Ruling in Prior e.Digital Case" ("Motion"), Defendants argue that Plaintiff, e.Digital Corporation ("Plaintiff" or "e.Digital"), is collaterally estopped from re-litigating certain claim constructions entered by the Hon. Judge Marcia Krieger in *e.Digital Corp. v. Pentax of America, Inc.*, Case No. 09-cv-2578-MSK-MJW (D.Col.) (the "Colorado Case") with respect to U.S. Patent No. 5,491,774 ("the '774 patent").  Further, the Defendants seek to extend and apply the collateral estoppel doctrine to U.S. Patent No. 5,839,108 ("the '108 patent") as to similar terminology contained in the '108 patent despite the fact that the '108 patent was not asserted in the Colorado Case and is not a continuation of the '774 patent.

As shown below, the application of the collateral estoppel doctrine is not appropriate in view of the material amendments made to the '774 patent during reexamination and given the additional reexamination history occurring after the Colorado claim construction order.  The doctrine also does not apply for a number of other reasons including, but not limited to, the fact that there was no final judgment in the Colorado Case and because the subject claim construction was entered by a Court in another district.  Finally, collateral estoppel is not applicable to the '108 patent because it was never actually litigated in the Colorado case.

Defendants have therefore failed to meet their burden of establishing each prerequisite of the collateral estoppel doctrine.  Accordingly, their Motion should be denied.

## II.     STATEMENT OF FACTS

### A.      The Colorado Claim Construction Proceedings

The Colorado case was filed on February 23, 2010 in the District of Colorado and assigned to Hon. Marcia S. Krieger.  Only the '774 patent and U.S. Patent No. 5,742,737 ("the '737 patent") were at issue in that case.  e.Digital did not assert the '108 patent.

-1-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

With respect to the '774 patent, the parties in the Colorado Case proposed competing constructions for a number of terms appearing in Claims 1 and 19. In particular, the parties disagreed over the construction of the broader claim term "a flash memory module which operates as <u>sole memory of the received processed sound electrical signals</u> and is capable of retaining recorded digital information for storage in nonvolatile form." The disputed constructions are set forth in the chart below:

| e.Digital's Proposed Construction | Colorado Defendants' Proposed Construction |
|---|---|
| "a removable, interchangeable flash memory storage device that (1) is <u>the only removable memory storage device for storage the processed sound electrical signals,</u> and (2) is capable of retaining for storage digital information without the need for ongoing power support." | (1) flash memory module: "a removable, interchangeable flash memory recording medium"<br><br>and<br><br>(2) sole memory of the received processed sound electrical signals: "<u>the only memory of the received processed sound electrical signals, without another memory system such as RAM</u>" |

(*See* Declaration of Gabriel G. Hedrick ("Hedrick Decl."), Exhibit 1 at p. 32.) (Emphasis added.)

On January 28, 2011, Judge Krieger held a *Markman* hearing. In preparation for the hearing, the Court accepted briefing and oral argument on a number of claim terms including the terms identified above. (Defendants' Exhibit 5 at pp. 2-3.) Judge Krieger issued a claim construction order on June 28, 2011. (Defendants' Exhibit 5.)

The Court concluded that the parties' dispute turned on the interpretation of the phrase "received processed sound…signals" and whether that language "references <u>partially</u>-processed data (in which case, alternative memory structures such as RAM could not be used during data-handling operation), or whether it

HANDAL &<br>ASSOCIATES<br>1200 THIRD  AVE<br>SUITE 1321<br>SAN DIEGO, CA 92101<br>TEL:  619.544.6400<br>FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1   referred only to <u>fully</u>-processed data (in which case, RAM could be used by the

2   device during processing)."  (Defendants' Exhibit 5 at p. 9.) (Emphasis in

3   original.)

4        Judge Krieger then divided the construction of the sole memory term into

5   two parts.  Looking to the original prosecution history (pre-reexamination), the

6   Court ruled, "the phrase 'received processed sound electrical signals' must refer to,

7   at most, the output of the differential amplifier and gain control circuits, after

8   which the sound signals have been 'processed.'"  (Defendants' Exhibit 5 at p. 11).

9   Specifically, the Court found:

10        "[t]he phrase 'received processed sound signals' refers to the
          electrical signals that have been generated by the microphone and
11        passed through the amplifier and gain control circuits, but have yet to
12        be converted by the CODEC."

13   (*Id.* at p. 16.)

14        Applying the "sole memory" language to this construction, Judge Krieger

15   found:

16        "The remainder of the disputed language requires that the device use
          only flash memory, not RAM or any other memory system, while
17        engaging the CODEC, DSP (as applicable), and memory control
18        functions, as well as storing the fully-manipulated data."

19   (*Id.*)

20        In reaching its conclusion, the Colorado Court addressed e.Digital's

21   argument that RAM, though not expressly identified in the claims or the

22   prosecution history, was implicitly present in the invention.  The Court stated in

23   part:

24        The Plaintiff argues that this conclusion is misplaced for two major
          reasons. First, he [*sic*] contends that any person skilled in the art
25        would implicitly understand, based on the computational tasks
          performed by the device, that RAM would be required: as Mr. Norris
26        put it, "by the fact that there's DSP in there and other functionality,
27        [like a] microprocessor, it's obvious to anyone with freshman

28

*HANDAL &*
*ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

knowledge of electronics, you've got RAM." In other words, the Plaintiff's position is that RAM is an indispensable component of a device engaging in these types of microprocessor-based computations, and that specifically referencing the presence of RAM in the patent would be superfluous. However, the unrebutted evidence received from Mr. Mihran at the *Markman* hearing indicated that certain types of flash memory – including the type specifically identified in the '774 patent – could be directly addressed by the microprocessor in the same way that RAM could, such that one could replace that RAM with the appropriate flash memory. **Thus, a person skilled in the art and reading the '774 patent might initially be confused by the device's apparent abandonment of commonly-used RAM in support of microprocessor operations**, but that same reader would then review the characteristics of the flash memory recited in the patent and realize that that flash memory could be addressed by the microprocessor in the same manner as ordinary RAM. Thus, the mere fact that the types of data-handling operations disclosed in the '774 patent would lead one skilled in the art to assume the presence of RAM does not render the patent's clear disclaimer of RAM to be misleading, as the patent clearly discloses the presence of a functional RAM-alternative.

(Defendants' Exhibit 5 at pp. 14-15.) (Emphasis added.)

e.Digital settled the case with the remaining Colorado Defendants following the issuance of the claim construction order. The Court granted joint motions to dismiss, but did not approve any settlements. The Court did not enter any final judgment or make any determination as to validity, infringement or claim construction of any other terms of the patents. The Colorado Case was closed on or about October 26, 2011.

**B.     Reexamination of the '774 Patent**

A request for reexamination of the '774 patent was filed with the USPTO on October 27, 2010, while the Colorado case was still pending. The reexamination request included the claims at issue in the Colorado case. The PTO issued its first Office Action on September 20, 2011, nearly 3 months after entry of the Colorado Claim Construction Order. (*See* Exhibit 2 to Hedrick Decl.) Subsequent

-4-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1  communications between the PTO and e.Digital's counsel ensued, most of which

2  occurred after the Colorado case was closed, and, ultimately, the two independent

3  claims subject to reexamination were materially amended.  (*Id.*)

4        On August 14, 2012 (more than a year after issuance of Judge Krieger's

5  *Markman* Order and almost a year after the Colorado case was closed), the United

6  States Patent and Trademark Office issued a Reexamination Certificate for the

7  '774 patent, canceling the claims that Judge Krieger construed and adding new

8  independent claims 33 and 34 together with several new dependent claims.  (*See*

9  Exhibit 3 to Hedrick Decl.)

10  ## III.  LEGAL STANDARD

11        The doctrine of collateral estoppel, also called "issue preclusion," is an

12  equitable doctrine that a court may apply to prevent the re-litigation of identical

13  issues that have been "actually litigated" to final judgment.  *Amadeo v. Principal*

14  *Mutual Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002).  Under Ninth Circuit

15  law, collateral estoppel applies only if all of the following conditions are met:  "(1)

16  there was a full and fair opportunity to litigate the issue in the previous action; (2)

17  the issue was actually litigated in that action; (3) the issue was lost as a result of a

18  final judgment in that action; and (4) the person against whom collateral estoppel is

19  asserted in the present action was a party or in privity with a party in the previous

20  action."  *Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1050 (9th Cir. 2008) *quoting*,

21  *United States Internal Revenue Serv. v. Palmer (In re Palmer),* 207 F.3d 566, 568

22  (9th Cir. 2000).

23        The party asserting collateral estoppel has the burden to show that the

24  pending issue is **identical** to an issue actually litigated and decided in the previous

25  action.  *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 (9th Cir. 2001); *see*

26  *also Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).  If there is

27  any doubt that the issues are identical, collateral estoppel will not be applied.

28  *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir. 1985).

-5-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    Notwithstanding the above prerequisites, claim construction findings made

2    by a court in another Circuit are not binding on courts in the 9th Circuit. *See, e.g.*

3    *Comcast Cable Communications Corp., LLC v. Finisar Corp.,* 2007 WL 1052821,

4    *2 (N.D.Cal., Apr. 6, 2007); *Verizon Cal. Inc. v. Ronald A. Katz Licensing, L.P.,*

5    326 F.Supp.2d 1060, 1069 (C.D.Cal. 2003) (refusing to give preclusive effect to

6    claim construction order from a prior litigation because accused infringer *was not a*

7    *participant in that proceeding* and refusing to give the prior order *stare decisis*

8    effect because it was from a court outside of the district); *Visto Corp. v. Sproqit*

9    *Technologies, Inc.*, 2006 WL 294802 (N.D. Cal. 2006) (prior claim construction

10   order in another district may be persuasive, but otherwise is not issue-preclusive or

11   binding); *Aircraft Technical Publishers v. Avantext, Inc.,* 2009 WL 3817944, *3

12   (N.D. Cal. 2009) (rejecting argument that court had to follow in its entirety a claim

13   construction rendered in an earlier suit on the same patent: "While uniformity of

14   treatment of a given patent is important," one district court is not bound to

15   automatically accept the claim construction of another district court. Rather, this

16   Court has an independent obligation to construe the claims in dispute, and to

17   render its own independent claim construction. With regard to Judge Frost's ruling,

18   the Court will certainly consider his analysis, but is not obligated to accord his

19   decision any particular deference."—citations omitted); *IGT v. Bally Gaming*

20   *Intern., Inc.*, 659 F.3d 1109, 1117 n.1, 100 U.S.P.Q.2d 1524 (Fed. Cir. 2011)

21   (noting that a prior district court's construction of claim term was not binding).

22   Even when the requirements for application of collateral estoppel are

23   satisfied, courts will not apply the doctrine if considerations of policy or fairness

24   outweigh the doctrine's purposes as applied in a particular case. *In re Freeman*, 30

25   F.3d 1459, 1467 (Fed. Cir. 1994). "It is inappropriate to apply collateral estoppel

26   when its effect would be unfair." *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*

27   *of Reading, Pa.*, 873 F.2d 229, 234 (9th Cir.1989).

28

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-6-

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1   **IV.   ARGUMENT**

2       **A.   The Issues Presented Here Are Not Identical To Those Litigated**

3           **In Colorado And, Thus, Were Not Fully And Fairly Litigated**

4        The moving party has the burden to demonstrate that every one of the four

5   conditions therefor is present.  Defendants' motion, however, focuses almost

6   exclusively on the "final judgment" component of the collateral estoppel inquiry

7   while glossing over the other prerequisites.  For this reason alone, Defendants have

8   failed to meet their burden.  *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)

9   ("A party asserting the defense of collateral estoppel has the burden of showing

10  that the issue for which an estoppel is claimed was actually adjudicated in a prior

11  proceeding.  If there is doubt on this score, collateral estoppel will not be applied.")

12       Defendants ignore the fact that substantial claim amendments and additional

13  reexamination history concerning the '774 patent were developed well after the

14  Colorado Case concluded, which, as a result of their timing, were not and could not

15  have been considered by the Colorado Court.  These amendments and the further

16  reexamination history resulted in the presentation of new claims and intrinsic

17  evidence highly relevant to the construction of the terms of the '774 patent, all of

18  which must now be considered in connection with this Court's claim construction.

19  *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Civ. No. 08-

20  309, 2009 WL 4928029, at *16-17 & n. 1 (D.Del. 2009) *citing*, *Hawksbill Sea*

21  *Turtle v. FEMA*, 126 F.3d 461, 477 (3d Cir. 1977) (finding that collateral estoppel

22  does not apply where subsequent "reexamination history needs to be considered in

23  connection with construing the claims").  Because of this, the issues related to

24  those constructions are not identical and cannot be found to have been fully and

25  fairly litigated in the Colorado District Court.

26  ///

27  ///

28  ///

-7-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

1
2

### 1.   The Reexamination History Was Not Available To The Colorado Court

3   Judger Krieger relied primarily on the prosecution history of the '774 in

4   reaching her final construction of the subject claim terms.  Subsequent to her

5   determinations however, that prosecution history was supplemented by further

6   proceedings during reexamination of the '774 patent.

7   The Federal Circuit notes that "[o]ne purpose of the reexamination

8   procedure is to eliminate trial of that issue (when the claim is canceled) or to

9   facilitate trial of that issue by providing the district court with the expert view of

10   the USPTO (when a claim survives the reexamination proceeding)." *Gould v.*

11   *Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983).  Because an examiner

12   can be considered one of ordinary skill in the art, his construction of the asserted

13   claims carries significant weight.  *St. Clair Intellectual Property Consultants, Inc.*

14   *v. Canon Inc.*, 2011 WL 66166, *6; 412 Fed. Appx. 270, 276 (Fed. Cir. 2011).

15   Accordingly, to the extent claims survive the reexamination process, the

16   reexamination history would "facilitate trial by providing the Court with expert

17   opinion of the USPTO and clarifying the scope of the claims." *Robert Bosch*

18   *Healthcare Systems, Inc. v. ExpressMD Solutions, LLC*, 2013 WL 752474, *3,

19   (N.D. Cal. 2013) (*quoting Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*,

20   33 U.S.P.Q.2d 2022, 2023 (N.D.Cal. 1995); *see also In re Cygnus*

21   *Telecommunications Technology, LLC Patent Litigation*, 385 F.Supp.2d 1022,

22   1024 (N.D.Cal. 2005) ("For those claims that survive the reexamination, this court

23   may have a richer prosecution history upon which to base necessary claim

24   construction determinations or reconsideration"); *ProtectConnect, Inc. v. Leviton*

25   *Mfg. Co., Inc.*  2011 WL 1559762, *2 (S.D.Cal. 2011).  In addition to the

26   examiner's analysis, a Court can draw upon a patentee's statements during

27   reexamination to assist it in claim construction.  *Am. Piledriving Equip., Inc. v.*

28   *Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed.Cir. 2011); *see also Krippelz v. Ford*

-8-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    *Motor Co.*, 667 F.3d 1261, 1266-67 (Fed. Cir. 2012).

2      It is beyond dispute that Judge Krieger did not have the additional

3    reexamination history of the '774 patent.  In the present case, this Court, if called

4    upon to construe the claims of the '774 patent, can and must consider not only

5    amended and different claims than those presented to Judge Krieger, but must also

6    consider them in light of a different and fuller prosecution history. Because Judge

7    Krieger did not consider this reexamination history, it cannot be said that the

8    construction of the terms of the '774 patent have been fully and fairly litigated.

9          **2.     The Reexamination History Is Material To The**

10             **Construction Of The Term Construed in Colorado.**

11      The '774 patent reexamination history is replete with references to the

12    presence of RAM being used in the claimed invention to support microprocessor

13    operations.  Specifically, in the course of '774 patent reexamination proceedings, a

14    personal interview was held on December 2, 2011 with USPTO Central

15    Reexamination Unit members Examiner Tran, Examiner Nalven and Senior

16    Examiner Ryman (*See* Exhibit 4 to Hedrick Decl.).  Two weeks later e.Digital filed

17    a Response in Ex Parte Reexamination of U.S. Patent No. 5,491,774 on December

18    20, 2011.  (*See* Exhibit 5 to Hedrick Decl. and Exhibits D through G thereto.)

19    Attached to the response are figures that were discussed at length with the USPTO.

20    (*See* Exhibit 4 to Hedrick Decl. (noting the discussion of the referenced figures.)

21    These figures specifically refer to the presence of RAM in the invention of the

22    '774 patent to support microprocessor operations.  (*See* Exhibit 5 to Hedrick Decl.

23    and Exhibits D through H thereto.)

24    ///

25    ///

26    ///

27    ///

28    ///

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    Exhibit F of the above-referenced Response is depicted below by way of

2    example.  Figures 5 and 6A show the presence of control circuitry containing a

3    microprocessor **and**

4    **RAM** (Fig. 5) coupled to

5    the receiving socket,

6    which would contain the

7    removable flash

8    memory module

9    contained (Fig. 6A).

10    Additional exhibits filed

11    with the PTO likewise



12    show the presence of RAM in the device coupled with various other components of

13    the claimed device, including the newly claimed microprocessor, the speaker and

14    the microphone.  (*See* Exhibit 5 to Hedrick Decl. and Exhibits D, E, G and H

15    thereto.)

16    Having been shown the above-referenced figures in person and as part of

17    e.Digital's office action response, and with knowledge of Judge Krieger's claim

18    construction order, the PTO allowed the amendment of the independent claims of

19    the '774 patent to incorporate, among other things, the addition of the

20    microprocessor of Fig. 5 shown above.  (*See* Exhibit 3 to Hedrick Decl. at 3:3.)  A

21    person of ordinary skill in the art at the time of the invention, having the benefit of

22    reviewing the amended claims and the prosecution history containing the above-

23    referenced figures, would therefore clearly understand that the invention of

24    amended claims 33 and 34 requires the presence of RAM to support, among other

25    things, microprocessor applications; a conclusion that contradicts that reached by

26    Judge Krieger.  Judge Krieger did not have the benefit of these additional

27    references from the reexamination history to consider in connection with her claim

28    construction order, which standing alone, renders the claim construction issues

-10-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1  presented to her fundamentally different than those presented here.

2  Defendants would appear to suggest that the amended claims, the

3  prosecution file and discussion with the examiner are irrelevant since the originally

4  disputed claim terms are still present in new claims 33 and 34.  They are incorrect.

5  Indeed, Judge Krieger held that "[t]he phrase received processed sound electrical

6  signals" refers to the electrical signals that are generated by the microphone and

7  passed through the amplifier and gain control circuits, but have yet to be converted

8  by the CODEC."  (Defendants' Exhibit 5 at p. 16.)  She then concludes, "[t]he

9  remainder of the disputed language requires that the device use only flash memory,

10  not RAM or any other memory system, while engaging the CODEC, DSP (as

11  applicable), and the memory control functions, as well as storing the fully-

12  manipulated data."  (*Id.*)

13  However, the reexamination history, which was not available to Judge

14  Krieger, clearly shows that the microprocessor of the new claim 33 utilizes RAM.

15  (*See* Exhibit 5 to Hedrick Decl. and Exhibits D through H thereto.)  Consistent

16  therewith, the specifications of the '774 patent disclose that the microprocessor of

17  the claimed invention of the '774 patent "drive[s] *all* system components."  (*Id.* at

18  5:58-59.) (Emphasis added.)  Therefore, at least one possible interpretation of the

19  reexamination history shown above is that the microprocessor utilizes RAM while

20  engaging the CODEC, DSP, memory control functions, and storing data.  (*See also*

21  Defendants' Exhibit 1 ('774 patent) at 5:33-39 (disclosing the DSP and CODEC

22  are coupled to control circuitry 21, which also contains the microprocessor), 5:58-

23  6:15 (CODEC and DSP are coupled to the microprocessor), Figs. 1-2 (control

24  circuitry 21 includes analog-to-digital conversion (CODEC), memory circuitry,

25  control logic, signal processing circuitry, playback circuitry and microprocessor.)

26  Thus, the explicit introduction of RAM on reexamination requires new

27  consideration of the very heart of Judge Krieger's analysis.  Judge Krieger,

28  however, simply did not have this reexamination history and therefore could not

-11-

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

have considered it in making her determinations – something that this court has the obligation to do if it undertakes to construe the claims.  Accordingly, the Defendants' Motion must be denied since new claims, reexamination history and other evidence now exists that Judge Krieger did not have the opportunity to consider when she construed the terms of old claims 1 and 19.

3.    **New Claims 33 And 34 Of The '774 Patent Are Not Identical To Claims 1 And 19 Litigated In The Colorado Case**

After reexamination, the PTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate canceling independent claims 1 and 19 of the '774 Patent, allowing new independent claims 33 and 34, and adding additional dependent claims.  In its statement of reasons for patentability and/or confirmation, the USPTO stated:

> Regarding independent claims 33 and 34, each requires, *inter alia,* the uniquely distinct features: control circuitry includes a microprocessor (21) coupled to switch circuitry, which includes multiple transistors (MOSFETs 64, 65, and 66, and QP2B) configured to enable supply of electrical power to the receiving socket (30) and to enable or disable at least one of the microphone element (20) and the speaker (36) during record and playback functional operations and in response to control signals provided by the microprocessor, see Figures 1 and 4-6…"

(Exhibit 6 to Hedrick Decl. at p. 5.)

The differences between canceled claim 1 and new claim 33 are shown below with the additions contained in claim 33 emphasized[1]:

---

[1] The differences between canceled claim 19 and new claim 34 are identical to the differences between claims 1 and 33.  In any event, pursuant to the Court's Order After Case Management Conference, e.Digital has limited its asserted '774 patent claims to independent claim 33 and dependent claims 2, 10, 15 and 23. Therefore, only these claims are at issue for purposes of Defendants' motion.

-12-

*HANDAL & ASSOCIATES*
*1200 THIRD AVE*
*SUITE 1321*
*SAN DIEGO, CA 92101*
*TEL:  619.544.6400*
*FAX:  619.696.0323*

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

| Claim 1 (Before Reexamination/Before Cancellation) (Defendants' Exhibit 1, Claim 1) | New Claim 33 (Added After Reexamination) (Exhibit 3 to Hedrick Decl., Claim 33) |
|---|---|
| A record/playback device for use with a……… | A record/playback device for use with a ……... |
| control circuitry coupled to the microphone element and including signal input circuitry, amplification circuitry, analog-to-digital conversion circuitry, memory control circuitry, signal output circuitry and control logic circuitry for performing record and playback functional operations with respect to the electrical signals and other regulated components of the record/playback device; | control circuitry coupled to the microphone element and including signal input circuitry, amplification circuitry, analog-to-digital conversion circuitry, memory control circuitry, signal output circuitry and control logic circuitry, **which includes a microprocessor coupled to switch circuitry,** for performing record and playback functional operations with respect to the electrical signals and other regulated components of the record/ playback device; |
| ……… | ……….. |
| [No language] | **wherein the power source is coupled to the switch circuitry; and** |
| [No language] | **wherein the switch circuitry includes multiple transistors configured, to enable supply of electrical power to the receiving socket and to enable at least one of the microphone element and the speaker during record and playback functional operations and in response to control signals provided by the microprocessor, and to optionally disable supply of electrical power to the receiving socket and to optionally enable supply of electrical power to at least one of the microphone element and the speaker between occurrences of record and playback functional operations and in response to control signals provided by the microprocessor.** |

Because they add new limitations that were not contained in former claim 1, these changes admittedly narrow the scope of the asserted claims and are substantial and substantive.  *See, e.g., Laitram Corp. v. NEC Corp.*, 952 F.2d 1357,

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1   1348 (Fed.Cir.1991) (addition of new claim term to avoid prior art deemed

2   substantive); *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.,* 129 F.3d 1247, 1250-

3   51 (Fed. Cir. 1997) ("[T]he claims were narrowed and limited in view of that [prior

4   art] patent. The district court correctly viewed this as a substantive change in claim

5   scope."); *I-Flow Corp. v. Apex Medical Tech., Inc.,* 2010 WL 144405, *3-*5 (S.D.

6   Cal. 2010) (Hon. Dana M. Sabraw) (holding that amending claims to state that "a

7   housing is loosely positioned around said sleeve means, and that it defines a

8   chamber between the sleeve means and the housing," are substantive changes).

9   Defendants essentially concede as much to the extent they have asserted the

10   doctrine of intervening rights under 35 U.S.C. §§ 252 and 307(b) as an affirmative

11   defense.

12        With the addition of the words "microprocessor coupled to switch circuitry"

13   and the additional narrowing amendments highlighted above, a wholly different

14   invention was created.  Because, as shown above, the new claims reflect the

15   addition of a microprocessor with supporting RAM, which is coupled to the DSP,

16   CODEC, memory circuitry, and control logic, and which "drive[s] all system

17   components," the new claims must necessarily affect the construction of the term

18   "sole memory of the received processed sound electrical signals."  These

19   amendments, along with the clarifying reexamination history, were not before

20   Judge Krieger and, as such, present this Court with issues not previously litigated.

21   The Defendants have therefore not met their burden to show that the issues

22   presented here and in Colorado are identical or were otherwise fully and fairly

23   litigated.  As a result, the Defendants' Motion must be denied.

24            **4.    The *Gibson Guitar Corp.* Case Is Distinguishable**

25        Defendants concede in their Motion that Courts must apply the collateral

26   estoppel standard of the regional circuit where a case is located.  *See RF Del., Inc.*

27   *v. Pac. Keystone Techs, Inc.,* 326 F.3d 1255, 1261 (Fed. Cir. 2003); *see also*

28   Defendants' Ps&As at 8:7-8.  However, in attempting to discount the effect of

-14-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

1  reexamination of the '774 patent, Defendants rely completely on the Sixth Circuit

2  District Court case *Gibson Guitar Corp. v. 745 LLC*, No. 3:11-cv-0058, 2012 WL

3  90445 (M.D.Tenn. 2012).  The *Gibson* case, quite tellingly, has never been cited

4  by a Court in this district or any district for that matter as authority for any legal

5  proposition.

6          Nonetheless, the facts of *Gibson* are clearly distinguishable from those

7  presented here.  Notably, the first litigation at issue in the *Gibson* case arose out of

8  summary judgment, which, per the law of the Sixth Circuit, is recognized as a final

9  judgment for purposes of issue preclusion. *Gibson Guitar Corp. v. 745 LLC,* 2012

10  WL 90445 *3, *5 (M.D. Tenn. Jan. 11, 2012).  The Court in *Gibson* indicated that

11  this fact played heavily in its decision. *Id.* at *5.  Here there is no summary

12  judgment ruling and, as discussed below, no final judgment recognized by Ninth

13  Circuit law.

14          In addition*,* the parties in the earlier *Gibson* litigation stipulated that the

15  Court's claim construction order and summary judgment ruling "would be binding

16  upon the parties" and further that "that the orders [would] have both res judicata

17  and collateral estoppel effect" between Gibson and the other party, defendant

18  Activision.  No such agreement or stipulation exists here as between e.Digital and

19  any other party.

20          Thereafter, the *Gibson* patents were the subjects of reexamination

21  proceedings that resulted in an amendment of the claims of the patents. *Id.*

22  However, unlike here, Gibson specifically represented in the reexamination

23  proceedings that the claims of the patents were being amended not only to clarify

24  them based on the examiner's comments, but also "***to make them consistent with***

25  ***the district court's construction of the claim terms in the claim construction and***

26  ***summary judgment orders.***"  *Id.* (Emphasis added.)

27          e.Digital's position in this case is quite the opposite.  e.Digital amended the

28  '774 patent in order to overcome prior art; not to conform the claims to be

-15-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    "consistent" with Judge Krieger's construction.  If anything, the amendments made

2    to the '774 patent together with its reexamination history are inconsistent with the

3    Colorado claim construction order.

4         Finally, in *Gibson*, the Court conducted a claim construction hearing and did

5    its own analysis of the reexamined claim terms and the reexamination history,

6    something that this Court is obliged to do before concluding that the claim terms in

7    the reexamined '774 patent should be accorded the same construction given in the

8    Colorado case.  As a result of holding its own *Markman*, the *Gibson* Court was

9    able to consider the amended claims of the patents as well as any new intrinsic or

10   extrinsic evidence (including the new reexamination prosecution histories) prior to

11   making a determination as to whether collateral estoppel should apply.  *Gibson* at

12   *1.

13        Accordingly, the Court should find Gibson inapposite to the issues presented

14   herein and find that the Defendants have failed to meet their burden to show that

15   collateral estoppel applies here.

16        **B.     The Colorado Case Did Not Proceed To Final Judgment**

17        The Supreme Court has recognized that "settlements ordinarily occasion no

18   issue preclusion (sometimes called collateral estoppel), *unless it is clear that the*

19   *parties intend their agreement to have such an effect."  Arizona v. California*, 530

20   U.S. 392, 414 (2000) (emphasis added).  Ninth Circuit law is clear that, for a

21   settlement to give rise to collateral estoppel, the language of the stipulation must

22   *unambiguously* evince the parties' intent for it to have that effect.  *Foster v. Hallco*,

23   947 F.2d 469, 481-482 (Fed. Cir. 1991).  Collateral estoppel therefore depends on

24   whether a court determines a judgment "final." *St. Paul Fire & Marine Ins. Co. v.*

25   *F.H.,* 55 F.3d 1420, 1425 (9th Cir.1995).  A settlement not memorialized in a

26   judgment or court order provides no preclusive effect to prior rulings of the court,

27   because of the lack of finality.  *RF Delaware, Inc. v. Pacific Keystone*

28   *Technologies, Inc.*, 326 F.3d 1255, 1262 (Fed. Cir. 2003).

-16-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    Here, there is no final judgment or court order memorializing any

2    settlements reached by e.Digital in the Colorado case. While it is true that e.Digital

3    settled with some of the Colorado Defendants after the June 28, 2011 *Markman*

4    ruling was issued, these settlements were not made part of a final judgment or

5    judicially approved by the Court.

6    The Defendants greatly rely upon the case *International Gamco, Inc. v.*

7    *Multimedia Games Inc.* 732 F.Supp.2d 1082 (2010) for the proposition that

8    settlements can constitute final determinations for collateral estoppel purposes.

9    The case, however, is distinguishable.  In *Gamco* the court held that a ***court-***

10   ***approved settlement*** was a final judgment on the merits for purposes of collateral

11   estoppel.  *Id.* at 1092.   Since there was no Court order or final judgment

12   memorializing any settlement with the Colorado Defendants, there is no earlier

13   "final judgment."  Based on the foregoing, Defendants have not met their burden

14   of establishing this prerequisite for application of collateral estoppel.  Their Motion

15   should therefore be denied.

16       **C.    The Court Is Not Bound By The Claim Construction Decision**

17            **Reached In The Colorado Case**

18    Ninth Circuit law provides that this Court is not bound by the claim

19   construction order issued by Judge Krieger. It is not conclusive or determinative as

20   to the claims in this case*.  See, e.g. Comcast Cable Communications Corp., LLC v.*

21   *Finisar Corp.,* 2007 WL 1052821, *2 (N.D.Cal., Apr. 6, 2007) (holding that while

22   claim construction findings in a court in another Circuit might be persuasive, they

23   are not binding on courts in the 9th Circuit); *See, id.*, *citing Verizon Cal. Inc. v.*

24   *Ronald A. Katz Licensing, L.P.,* 326 F.Supp.2d 1060, 1069 (C.D.Cal. 2003); *Visto*

25   *Corp. v. Sproqit Technologies, Inc*., 2006 WL 294802 (N.D. Cal. 2006); *Aircraft*

26   *Technical Publishers v. Avantext, Inc.,* 2009 WL 3817944, *3 (N.D. Cal. 2009);

27   *IGT v. Bally Gaming Intern., Inc*., 659 F.Supp.2d 1109, 1117 n.1, 100 U.S.P.Q.2d 1524

28   (Fed. Cir. 2011).

-17-

**HANDAL &**
**ASSOCIATES**
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1    Indeed, "district courts may engage in a rolling claim construction, in which
2    the court revisits and alters its interpretation of the claim terms as its understanding
3    of the technology evolves." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch*
4    *Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010). This Court therefore has the discretion
5    to consider Judge Krieger's order but is not bound to accept her conclusions.

6       **D.    Collateral Estoppel Cannot Be Applied To The '108 Patent**
7            **Because It Was Not Asserted In Colorado**

8    The '108 patent, as Defendants concede, was not litigated in the Colorado
9    case. (Defendants' Ps&As at 11:11.) The first prerequisite for application of
10   collateral estoppel therefore cannot be met and Defendants' Motion must be denied
11   to the extent it seeks to apply the doctrine to the '108 patent.

12   Generally, collateral estoppel cannot be applied to preclude a subsequent
13   patent infringement action based upon patents not at issue in the prior lawsuit. The
14   rationale is based on the fact that separate patents are presumed, by law, to cover
15   independent and distinct inventions. *See, e.g.,* 35 U.S.C.A. § 121; 37 C.F.R. §
16   1.141; *Comair Rotron, Inc. v. Nippon Densan Corp.,* 49 F.3d 1535, 1539 (Fed. Cir.
17   1995) (holding that separate patents describe separate and distinct inventions, and
18   it cannot be presumed that related patents rise and fall together); *MSM Investments*
19   *Co. v. Carolwood Corp.*, 70 F. Supp. 2d 1044, 1051–53 (N.D. Cal. 1999), aff'd,
20   259 F.3d 1335, 59 U.S.P.Q.2d (BNA) 1856 (Fed. Cir. 2001); *Al-Site Corp. v. VSI*
21   *Intern., Inc.,* 174 F.3d 1308, 1322, 50 U.S.P.Q.2d (BNA) 1161, 1169 (Fed. Cir.
22   1999) (patentee could not use prior claim construction of related patent determined
23   by Federal Circuit in a nonprecedential opinion against an accused infringer who
24   was not a party to that proceeding to deny the accused infringer an opportunity to
25   seek a narrower construction because the claims were different and had different
26   meanings); *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 2010
27   Markman 583960, 2010 WL 583960, *7 (N.D. Cal. 2010) (denying accused
28   infringer's motion for a summary judgment of invalidity based on issue preclusion

-18-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1  allegedly applying from a prior suit that held claims of a different patent invalid,

2  the court finding that the identical issue was not presented in the prior case since

3  the asserted claims in the suit had different limitations than the claims found

4  invalid in the prior suit); *Monsanto Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235,

5  1244, 70 U.S.P.Q.2d (BNA) 1257, 1264 (Fed. Cir. 2004) (Reversing summary

6  judgment that asserted claims of patent were not infringed due to collateral

7  estoppel effect of a prior judgment involving a different, but related, patent

8  because the claims, specifications and prosecution history, of the asserted patents

9  were different from the patent litigated in the prior suit, and therefore the issues

10  were not identical).

11      Here, Defendants rely on *Tech. Licensing Corp. v. Thomson Inc.*, Case No.

12  2:03-cv-1329-WBS-PAN, 2010, U.S. Dist. LEXIS 21735 (E.D. Cal. March 10,

13  2010).  The case, however, is distinguishable as this Court has not yet had the

14  opportunity to become familiar with the patents at issue or to conduct its own

15  claim construction proceedings.

16      Further, while it is true that, in evaluating the application of collateral

17  estoppel, courts may refer to the Restatement (Second) of Judgments, the

18  Defendants miss several key elements. *Foster v. Hallco Manuf. Co., Inc.*, 947 F.2d

19  469, 480 (Fed.Cir.1991); *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th

20  Cir.1995).  The Restatement identifies four factors to be considered in determining

21  whether an issue in a successive proceeding is identical to an issue previously

22  litigated: (1) is there a substantial overlap between the evidence or argument to be

23  advanced in the second proceeding and that advanced in the first; (2) does the new

24  evidence or argument involve the application of the same rule of law as that

25  involved in the prior proceeding; **(3) could the pretrial preparation and**

26  **discovery related to the matter presented in the first action reasonably be**

27  **expected to have embraced the matter sought to be presented in the second;**

28  **and (4) how closely related are the claims involved in the two proceedings.**

-19-

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1   *Kamilche*, 53 F.3d at 1062; *see Applied Med. Res. Corp. v. U.S. Surgical Corp.*,

2   352 F.Supp.2d 1119, 1124–25 (C.D.Cal.2005). (emphasis added).

3        Defendants gloss over elements 3 and 4.  They have failed to provide any

4   evidence that any pretrial preparation or discovery in the Colorado case would

5   have been reasonably expected to embrace litigation of the '108 patent. While the

6   '108 patent refers to the '774 patent as an example of the prior art, unlike the

7   patents at issue in *Tech. Licensing Corp. v. Thomson Inc. 2010 WL 843560* at *1

8   (E.D. Cal. 2013), they are distinct inventions and the '108 patent is not a child (i.e.,

9   not a continuation) of the '774 patent.  Moreover, the prosecution history of the

10  '108 patent does not contain the language relied upon by Judge Krieger to support

11  her construction the "sole memory…" language of the '774 patent.  In fact, the

12  specifications of the '108 patent specifically disclose the presence of RAM in a

13  preferred embodiment.[2]  (*See* Defendants' Exhibit 3 at Figs. 3 and 4 (disclosing

14  SRAM or "Static Random Access Memory").)

15       Finally, assuming *arguendo* that the '108 can be subject to previous claim

16  constructions of similar terms found in the '774 (which e.Digital disputes), the

17  amended claims of the '774 patent and the new reexamination history preclude

18  application of the collateral estoppel doctrine as set forth above.

19  ///

20  ///

21  ///

22  ///

23

24       [2] Interestingly, Defendants argue that the "**sole distinction** between the
    inventions purportedly disclosed in the '774 patent and the '108 patent is that the

25  invention in the '108 patent includes a second microphone that 'enables noise
    dampened recording of voice data and CD quality stereo recording of music data."

26  (Defendants' Ps&As at 5:12-15.) (Emphasis added.)  Yet, the specifications of the
    '108 patent clearly disclose the presence of RAM.  At the same time, Defendants

27  argue that the invention of the '774 patent does not include RAM.  These positions
    cannot be reconciled.

28

HANDAL &
ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-20-

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

E.   **Alternatively, E.Digital Proposes That The Court Postpone Decision On The Motion Until After Completion Of *Markman* Proceedings**

To the extent the Court is inclined to grant the Motion, e.Digital requests that the Court postpone a final ruling until after completion of claim construction proceedings.  Inquiry into whether two claims are identical after reexamination should not occur until after formal claim construction.  *See, e.g., Sorensen v. Emerson Elec. Co.*, 2011 WL 6752559, at*5-7 (S.D.Cal. Dec. 22, 2011) (holding that "[t]he process for determining whether there is a substantive change between the pre- and post-reexamination versions of a patent claim requires the Court to perform the same type of analysis as when resolving a typical claim construction dispute" and, so consequently, the Court should wait to determine the proper construction of claims at issue in the pre- and post-reexamination context until after the benefit of full claim construction proceedings); *Etagz, Inc. v. Quiksilver, Inc.* 2012 WL 2135497 (C.D. 2012) at *2.

It would be unjust and unduly prejudicial to grant this Motion prior to the parties being able to conduct discovery or before the Court conducts a claim construction hearing.  *See, Eakin Enterprises, Inc. v. Specialty Sales LLC*, 2012 WL 2445154, *10 (E.D. Cal. 2012) (denying without prejudice invalidity summary judgment motion filed concurrently with a motion to dismiss since the court had not yet construed the claims and the parties had not yet engaged in any discovery as "[n]ormally it is not advisable to proceed with the claim construction process until at least some substantive discovery has taken place").  Allowing claim construction proceedings to go forward will allow the parties to conduct claim construction discovery and allow e.Digital to provide expert witness testimony, if necessary, to testify as to, among other things, how a person of ordinary skill in the art would understand the amended claims and the additional reexamination history.

///

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

1   **V.**   <u>**CONCLUSION**</u>

2       For the reasons stated herein, the Defendants' Motion should be denied.

3                                 **HANDAL & ASSOCIATES**

4

5   Dated: July 3, 2013                    By:  /s/Gabriel G. Hedrick
                                                Anton N. Handal
6                                               Pamela C. Chalk
                                                Gabriel G. Hedrick.
7                                               Attorneys for Plaintiff
                                                e.Digital Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HANDAL & ASSOCIATES**
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, by electronic mail.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 3rd day of July, 2013 at San Diego, California.


/s/Gabriel G. Hedrick
Gabriel G. Hedrick

HANDAL &
ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*MEMORANDUM OF POINTS AND AUTHORITIES IN*
*OPPOSITION TO MOTION RE: COLLATERAL ESTOPPEL*