Sarah Barrows (Bar No. 253278)
barrowss@gtlaw.com
Stephen Ullmer (Bar No. 277537)
ullmers@gtlaw.com
**GREENBERG TRAURIG LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Tel: (415) 655-1300
Fax: (415) 707-2010

James J. DeCarlo (*pro hac vice*)
decarloj@gtlaw.com
**GREENBERG TRAURIG LLP**
200 Park Avenue
Florham Park, NJ 07932
Tel:  (973) 360-7900
Fax:  (973) 301-8410

Kevin J. O'Shea (*pro hac vice*)
osheak@gtlaw.com
**GREENBERG TRAURIG LLP**
77 West Wacker Drive
Chicago, IL  60601
Tel:  (312) 456-8400
Fax:  (312) 456-8435

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Apple Inc.<br><br>　　　　　Defendant. | Case No. 3:13-cv-00785 DMS-WVG<br><br>**APPLE'S RESPONSE TO E.DIGITAL'S OBJECTION TO APPLE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hearing Date:　August 9, 2013<br>Time:　　　　 1:30 p.m.<br>Assigned to:　 Hon. Dana M. Sabraw<br>Courtroom:　　13A |

# RESPONSE

On July 8, 2013, Defendant and Counterclaimant Apple Inc. ("Apple") filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* ECF No. 35) ("Motion"). On July 9, Plaintiff and Counterdefendant e.Digital Corporation ("e.Digital") filed an objection to Apple's Motion. (*See* ECF No. 37) ("Objection"). The sole basis for e.Digital's Objection is that Apple's Motion is purportedly untimely. e.Digital is incorrect.

## Background of the Motion and e.Digital's Objection

As e.Digital correctly stated in its Objection, the Court allowed any Defendant to file a motion pursuant to Federal Rule of Civil Procedure 12(c) if the Defendant believed that e.Digital's Preliminary Infringement Contentions ("PICs") failed to state a plausible claim for relief. (Order After Case Management Conference ("Order"), ECF No. 21, at 2.) The Court ordered that any such motion be filed "within seven (7) calendar days after the service of infringement contentions by Plaintiff." As e.Digital also correctly stated, e.Digital served its PICs on June 26, 2013, which would have made the deadline for a Rule 12(c) motion July 3, 2013.

However, what e.Digital ***failed*** to state in its objection is that e.Digital served its PICs pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), i.e. via ***Regular United States Mail***. (*See* Exhibit A, excerpt from e.Digital's PICs, at 10-11 (Certificate of Service stating that the PICs were served via mail)).

## The Federal Rules, the Local Rules, and the Order

The Court ordered Apple to file a Rule 12(c) motion, if appropriate, "within seven (7) calendar days after the service of infringement contentions." (Order at 2.) Federal Rule of Civil Procedure 6 directs how this deadline is to be computed. FED. R. CIV. P. 6 ("The following rules apply in computing any time period specified in th[e] rules, in any local rule ***or court order***, or in any statue that does not specify a method of computing time." (emphasis added)); *see also* Committee Notes on Rules, 2009 Amendment ("If, for

example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern. ***But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.***") (emphasis added). [1])

Federal Rule of Civil Procedure 6 states that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). Furthermore, Rule 6(a)(1)(c) states that "if the last day is a Saturday, Sunday, or legal holiday, ***the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday***." (emphasis added.)

If this were not sufficiently clear, the Notes which accompany Rule 6 describe exactly why Rule 6(d) was adopted, and how it should be read in light of Rule 6(a):

> Rule 6(e) [now Rule 6(d)] is amended to remove any doubt as to the method for extending the time to respond after service by mail, leaving with the clerk of court, electronic means, or other means consented to by the party served. ***Three days are added after the prescribed period otherwise expires under Rule 6(a).*** Intermediate Saturdays, Sundays, and legal holidays are included in counting these added three days. ***If the third day is a Saturday, Sunday, or legal holiday, the last day to act is the next day that is not a Saturday, Sunday, or legal holiday.***

Committee Notes of Rules, 2005 Amendment (emphasis added).

e.Digital served its PICs pursuant to Rule 5(b)(2)(C) – *i.e.*, by "Regular US Mail" – and, therefore, the deadline for Apple to file a Rule 12(c) motion was extended by three days from July 3 to July 6, 2013. *See* Fed. R. Civ. P. 6(d). Because July 6, 2013 was a Saturday, the deadline was further continued to the next business day, *i.e.* July 8, 2013. Apple filed its Motion on July 8, 2013. (*See* ECF No. 35.) Thus, Apple's Motion was timely and the Court should overrule e.Digital's objection.

---

[1] The Southern District of California's Local Civil Rules do not change this rule, and indeed Civil Rule 7.1, pertaining to motion practice, affirmatively states that "All legal holidays and computation of time must be as provided in Rule 6, Fed. R. Civ. P." CivLR 7.1(c).

Apple explained all of this to e.Digital on the evening of July 9, 2013, shortly after e.Digital filed its objection, which it had done without first addressing the issue with Apple.  (*See* Exhibit B.)  Apple requested that e.Digital withdraw its objection in light of this controlling authority and, further, requested that in the future e.Digital contact Apple to discuss such issues before filing a pleading, so that the parties and the Court could avoid unnecessary motion practice.  However, e.Digital refused without explanation. (*See* Exhibit C.)

Apple respectfully requests that the Court overrule e.Digital's Objection and find Apple's Motion timely filed.

DATED: July 10, 2013              GREENBERG TRAURIG, LLP

By  *s/* Kevin J. O'Shea
Kevin J. O'Shea (*pro hac vice*)
osheak@gtlaw.com
**GREENBERG TRAURIG LLP**
77 West Wacker Drive
Chicago, IL  60601
Tel:  (312) 456-8400
Fax:  (312) 456-8435

Sarah Barrows (Bar No. 253278)
barrowss@gtlaw.com
Stephen Ullmer (Bar No. 277537)
ullmers@gtlaw.com
**GREENBERG TRAURIG LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Tel: (415) 655-1300
Fax: (415) 707-2010

James J. DeCarlo (*pro hac vice*)
decarloj@gtlaw.com
**GREENBERG TRAURIG LLP**
200 Park Avenue
Florham Park, NJ 07932
Tel:  (973) 360-7900
Fax:  (973) 301-8410

Attorneys for Defendant Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

By  *s/* Kevin J. O'Shea
Kevin J. O'Shea