# EXHIBIT A

ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>Apple Inc.,<br><br>             Defendant. | Case No. 3:13-cv-00785-DMS-WVG<br><br>**PLAINTIFF E.DIGITAL CORPORATION'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**Judge:  Hon. Judge Dana M. Sabraw<br>Ctrm: 13A (Annex)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

In response to the Court's May 30, 2013 Order After Case Management Conference ("CMC Order") (Dkt #21) and Patent L.R. 3.1, Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff") hereby submits its Disclosure of Asserted Claims and Preliminary Infringement Contentions against Defendant Apple Inc. ("Apple" or "Defendant").

e.Digital makes these preliminary infringement contentions without the benefit of any discovery in this action. Moreover, these contentions are made without knowledge of Defendant's confidential internal processes, designs and operation (including systems, hardware and/or software). e.Digital expressly

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**   -1-   CASE NO. 3:13-CV-00785-DMS-WVG

reserves the right pursuant to Patent L.R. 3.6(a)(2) to amend or modify its identification of asserted claims, Accused Instrumentalities and/or preliminary infringement contentions, if necessary, based on additional information obtained through formal discovery or other means.

## I. IDENTIFICATION OF EACH CLAIM OF EACH PATENT ALLEGED TO BE INFRINGED

Pursuant to Patent L.R. 3.1.a and the Court's CMC Order, e.Digital hereby selects the following claims from each asserted patent:

'774 patent: Independent claim 33 and dependent claims 2, 10, 15 and 23;

'737 patent: Independent claims 1, 4, 9 and 13 and dependent claim 6;

'170 patent: Independent claims 1 and 7 and dependent claims 2, 3 and 4.

## II. IDENTIFICATION OF ACCUSED PRODUCTS

Based on the information presently available and pursuant to Patent L.R. 3.1.b and the Court's Case Management Order, e.Digital presently asserts that Defendant has infringed, either directly, contributorily, or by inducement, by making, using, offering to sell, selling, importing, licensing, distributing, performing and/or otherwise providing within the United States the following accused products and/or services. e.Digital reserves the right to amend the following list as it may discover additional accused products during the course of these proceedings, including new products that may be released after the filing of the Complaint in this matter.

### A. THE '170 PATENT

The accused products for purposes of the '170 patent are:

Claim 1: iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPad (all other versions), iPad Mini, iPod Touch 2nd, 3rd, 4th, and 5th generation, MacBook Pro, MacBook Air.

Claim 2: MacBook Pro, MacBook Air

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS     -2-     CASE NO. 3:13-CV-00785-DMS-WVG

Claim 3: MacBook Pro, MacBook Air

Claim 4: MacBook Pro, MacBook Air

Claim 7: iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPad (all versions after 1st), iPad Mini, iPod Touch 2nd, 3rd, 4th, and 5th generation, MacBook Pro, MacBook Air.

### B.     THE '737 PATENT

The accused products for purposes of the '737 patent are:

Claim 1:  iPod Nano 2nd, 3rd, 4th, 5th, 6th, and 7th generation, iPod Classic 5th and 6th generation, MacBook Pro, MacBook Air

Claim 4: iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPad (all other versions), iPad Mini, iPod Nano 2nd, 3rd, 4th, 5th, 6th, and 7th generation, iPod Classic 5th and 6th generation, iPod Touch 2nd, 3rd, 4th, and 5th generation, MacBook Pro, MacBook Air

Claim 6: MacBook Pro, MacBook Air

Claim 9: MacBook Pro, MacBook Air

Claim 13: MacBook Pro, MacBook Air

### C.     THE '774 PATENT

The accused products for purposes of the '774 patent are:

Claim 33: MacBook Pro, MacBook Air

Claim 2: MacBook Pro, MacBook Air

Claim 10: MacBook Pro, MacBook Air

Claim 15: MacBook Pro, MacBook Air

Claim 23: MacBook Pro, MacBook Air

### III.   CHARTS IDENTIFYING WHERE EACH ELEMENT OF EACH ASSERTED CLAIM IS FOUND WITHIN THE ACCUSED INSTRUMENTALITIES

Pursuant to Patent L.R. 3.1.c and the Court's Case Management Order,

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS     -3-     CASE NO. 3:13-CV-00785-DMS-WVG

charts identifying specifically where each element of each asserted claim is found within the Accused Instrumentalities are provided in Exhibits A through C. Pursuant to the Court's Case Management Order, e.Digital has chosen one representative product for the purposes of said charts.

### IV. IDENTIFICATION OF DIRECT INFRINGEMENT AND A DESCRIPTION OF ACTS OF THE ALLEGED INDIRECT INFRINGER THAT CONTRIBUTE TO OR ARE INDUCING THAT DIRECT INFRINGEMENT

#### A. DIRECT INFRINGEMENT

Pursuant to Patent L.R. 3.1.d and the Court's Case Management Order, e.Digital provides the following description of direct infringement by the Defendant:

##### 1. '774 PATENT

The Asserted Claims of the '774 patent are directly infringed by Defendant when it makes, uses (including tests), imports, offers to sell, or sells the accused devices together with a removable flash memory card in the United States. The Asserted Claims are also directly infringed by Defendant's customers and end users of the accused devices when they combine them with a removable flash memory card.

##### 2. '737 PATENT

Claim 1 of the '737 patent is directly infringed by Defendant when it makes, uses (including tests), imports, offers to sell, or sells the accused devices in the United States. Claim 1 is also directly infringed by Defendant's customers and end users of the accused devices when they use the accused devices.

Claim 4 of the '737 patent is directly infringed by Defendant when it uses (including tests) the accused devices in the United States. Claim 4 is also directly infringed by Defendant's customers and end users of the accused devices when

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS     -4-     CASE NO. 3:13-CV-00785-DMS-WVG

they use the accused devices.

Claim 9 of the '737 patent is directly infringed by Defendant when it makes, uses (including tests), imports, offers to sell, or sells the accused devices together with a removable flash memory card in the United States. Claim 9 is also directly infringed by Defendant's customers and end users of the accused devices when they combine them with a removable flash memory card.

Claims 13 and 6 of the '737 patent are directly infringed by Defendant when it uses (including tests) the accused devices in the United States with a removable flash memory card. Claims 13 and 6 are also directly infringed by Defendant's customers and end users of the accused devices when they use the accused devices with a removable flash memory card.

### 3.    '170 PATENT

Claims 1 through 4 of the '170 patent is directly infringed by Defendant when it makes, uses (including tests), imports, offers to sell, or sells the accused devices in the United States. Claims 1 through 4 are also directly infringed by Defendant's customers and end users of the accused devices when they use the accused devices.

Claim 7 of the '170 patent is directly infringed by Defendant when it uses (including tests) the accused devices in the United States. Claim 7 is also directly infringed by Defendant's customers and end users of the accused devices when it uses the accused devices.

### B.    INDUCEMENT

Defendant has been aware of the Asserted Patents and infringement of same since at least the date of the filing of the original Complaint in this matter which was on or about April 1, 2013 (Dkt#1).

Despite such knowledge, Defendant has taken active steps to cause infringement with both knowledge of the Asserted Patents and the specific

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**      -5-                                     CASE NO. 3:13-CV-00785-DMS-WVG

intent to cause Defendant's customers to use the Accused Products in a manner that infringes the Asserted Claims. Such steps include, among other things, advising others to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; and distributing instructions (such as those cited in the attached charts) that guide users to use the Accused Products in an infringing manner.

### C. CONTRIBUTORY INFRINGEMENT

Defendant has been aware of the Asserted Patents and its infringement of same since at least the date of the filing of the original Complaint in this matter on or about April 1, 2013 (Dkt#1).

Despite such knowledge, Defendant has continued to offer to sell or sell within the United States or import within the United States a component that constitutes a material part of the inventions defined by the Asserted Claims, knowing that such components are especially made or adapted for use in a patented apparatus or method. Such components include the devices listed above and/or removable flash memory media cards and/or other accessories, including user guides/operator's manuals, advertisements, and/or other information, that allow its customers to use the Accused Products in an infringing manner.

### V. WHETHER EACH ELEMENT OF EACH ASSERTED CLAIM IS LITERALLY PRESENT OR PRESENT UNDER THE DOCTRINE OF EQUIVALENTS

Pursuant to Patent L.R. 3.1.e and the Court's Case Management Order, e.Digital presently asserts that each element of each asserted claim is literally present within each of the Accused Instrumentalities. To the extent that any of the Accused Instrumentalities are not found to literally meet a claim element of one of these asserted claims, e.Digital contends that such Accused Instrumentalities are insubstantially different from the claimed invention of the associated patent-in-suit

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS   -6-   CASE NO. 3:13-CV-00785-DMS-WVG

and therefore would infringe under the doctrine of equivalents.

## VI. PRIORITY DATES FOR THE ASSERTED CLAIMS

Pursuant to Patent L.R. 3.1.f and the Court's Case Management Order, the priority date for each asserted claim is as follows:

| PATENT | PRIORITY DATE |
|---|---|
| '170 | November 14, 1994 |
| '737 | April 19, 1994 |
| '774 | April 19, 1994 |

## VII. RELIANCE ON PLAINTIFF'S OWN APPARATUS, PRODUCT, DEVICES, PROCESS, METHOD, ACT OR OTHER INSTRUMENTATILITY

Pursuant to Patent L.R. 3.1.g, e.Digital asserts that its Flashback voice recorder device practiced each of the asserted claims of the '774 patent and was marked with same.

## VIII. BASES FOR WILLFUL INFRINGEMENT ALLEGATION

Despite knowing that Defendant's Accused Products contained technology and patented inventions that were not owned by them, Defendant has failed to secure permission from the rightful holders of such patented technology incorporated in Defendant's Accused Products. Because Defendant has been a licensor of patented technology, it was obvious to Defendant, known by Defendant, or should have been known to Defendant that before making and/or offering to sell its Accused Products that Defendant needed to obtain permission to use patented inventions incorporated in or practiced by the Accused Products, including the Asserted Patents, before proceeding to make, sell, offer to sell, or import into the United States the Accused Products.

Nevertheless, in light of the parties' previous meet-and-confer(s) on the issue, Plaintiff agrees to withdraw its willful infringement allegations as to the

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS    -7-    CASE NO. 3:13-CV-00785-DMS-WVG

above-named Defendant without prejudice, but reserves the right to inquire into Defendant's knowledge of the patents and infringement during the course of discovery and reserves the right to seek leave of court to amend these contentions to re-allege willful infringement on the basis of any facts obtained during the course of discovery.

### IX. DOCUMENTS PRODUCED PURSUANT TO LOCAL PATENT RULE 3.2

Pursuant to L.R. 3.2, e.Digital produces herewith Bates EDIG00001-006275 and Bates Apple 00001-0001451. e.Digital further asserts that these documents are responsive to one or more categories of L.R. 3.2:

1) L.R. 3.2(a)—Bates EDIG00001-006275
2) L.R. 3.2(b)—Bates EDIG00001-006275
3) L.R. 3.2(c)—Bates EDIG003603-006275
4) L.R. 3.2(d)—Bates Apple 00001-0001451

There may be other documents responsive to this request that exist to which e.Digital is unaware of at this time and/or are in the exclusive possession or control of other parties/third parties to include but not limited to the Defendant who has thusfar not turned them over an/or produced them in discovery. There may be or are documents which the Defendant has equal access to and/or exclusive control and/or possession of and/or other responsive documents in the control of unknown third parties of which e.Digital is unaware at this time. e.Digital has used its best efforts to obtain all responsive documents and make a timely disclosure thereof. Discovery is continuing at this time and e.Digital reserves the right to supplement this response when/if more documents become available.

///

///

///

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS     -8-     CASE NO. 3:13-CV-00785-DMS-WVG

|     |                        |                                                              |
| --- | ---------------------- | ------------------------------------------------------------ |
| 1   |                        | **HANDAL & ASSOCIATES**                                      |
| 2   | Dated: June 26, 2013   | By:  /s/Gabriel G. Hedrick                                   |
| 3   |                        | Anton N. Handal                                              |
|     |                        | Pamela C. Chalk                                              |
| 4   |                        | Gabriel G. Hedrick                                           |
|     |                        | Attorneys for Plaintiff                                      |
| 5   |                        | e.Digital Corporation                                        |

**HANDAL & ASSOCIATES**
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**   -9-   CASE NO. 3:13-CV-00785-DMS-WVG

# CERTIFICATE OF SERVICE

I, Pamela C. Chalk, declare as follows: I am over the age of 18 years, and not a party to this action. My business address is 1200 Third Avenue, Suite 1321, San Diego, CA 92101, which is located in the county where the service described below took place.

On June 26, 2013, I caused to be served of the following document(s):

**1) Preliminary Infringement Contentions and Exhibits A-C (with attached references);**

**2) Two CDs containing documents accompanying disclosure pursuant to Patent L.R. 3.2 (Bates Stamped EDIG00001-006275 and Bates Apple 00001-0001451); and,**

**3) Certificate of Service.**

**PERSON(S) SERVED/METHOD OF SERVICE:**

<u>xxx</u>   On <u>June 26, 2013</u>, I placed a true copy of each above-listed document for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, to each addressee named hereafter, addressed to each such addressee, respectively, listed below; and that each envelope was placed for collection and mailing on that date following ordinary business practices. I further declare that I am readily familiar with the business practice for collection and processing of correspondence and pleadings for mailing with the United States Postal Service. Correspondence and pleadings so collected and processed are deposited with the United States Postal Service the same day in the ordinary course of business.

*A copy of Item #1 above will also be sent via email to the email addresses below to counsel no later than the end of the following business day.

**PERSONS SERVED:**

| Attorney of Record | Parties Represented | Method(s) of Service |
|---|---|---|
|  |  |  |
| barrowss@gtlaw.com | Defendant Apple Inc. | X Regular US Mail |

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS   -10-   CASE NO. 3:13-CV-00785-DMS-WVG

| | | |
|---|---|---|
| ranieriv@gtlaw.com <br> DeCarloJ@gtlaw.com <br> Sarah Barrows, Esq. <br> Vera Ranieri, Esq. <br> Greenberg Traurig, LLP <br> 4 Embarcadero Ctr, Ste. 3000 <br> San Francisco, CA 94111-5983 <br> (415)655.1251 | | |

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 26th day of June, 2013 at San Diego, California.

**HANDAL & ASSOCIATES**

Dated: June 26, 2013      By: /s/Pamela C. Chalk
                                                  Anton N. Handal
                                                  Pamela C. Chalk
                                                  Gabriel G. Hedrick
                                                  Attorneys for Plaintiff
                                                  e.Digital Corporation

**HANDAL & ASSOCIATES**
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS
AND PRELIMINARY INFRINGEMENT CONTENTIONS      -11-      CASE NO. 3:13-CV-00785-DMS-WVG