# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.DIGITAL CORPORATION,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>APPLE INC.,<br><br>　　　　　　　　　　　　　Defendant;<br>_____<br>AND RELATED COUNTERCLAIMS. | Case No. 13cv785 DMS (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

In this patent infringement action, Defendant Apple Inc. filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition[1] and Defendant replied. For the reasons which follow, Defendant's motion is denied.

According to the complaint, Plaintiff owns four patents relating to a handheld record and playback device with flash memory. Plaintiff alleges that several of Defendant's products, namely certain Apple iPhone, iPod, iPad and MacBook products, infringe three of the patents. Defendant contends the Court should enter judgment in its favor on all claims based on the contention that Plaintiff has "stretch[ed] and contort[ed] the patent claims well beyond the broadest reasonable claim

---

[1] Plaintiff filed an objection to Defendant's motion, claiming it was untimely because it was not filed within seven calendar days after service of Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PIC"), as provided in the Order After Case Management Conference (Order filed May 30, 2013 at 2). Because the Court finds the motion was timely filed under Rule 6 of Federal Rules of Civil Procedure, Plaintiff's objection is overruled.

construction." (Mem. of P.&A. at 1.) Defendant also argues Plaintiff failed to sufficiently to allege indirect infringement.

Regional circuit law applies to Rule 12(c) motions. *Merck & Co., Inc. v. Hi-Tech Pharmacal Co., Inc.*, 482 F.3d 1317, 1320 (Fed. Cir. 2007). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Accordingly, a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.* 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009).

Dismissal under Rule 12(b)(6) is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. In reviewing the motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Initially Defendant argues Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PIC") (Def.'s Ex. 2) fails to comply with the Order After Case Management Conference (Order filed May 30, 2013 at 3-4), and asks the Court to order withdrawn

1 initial infringement allegations aimed at product families other than the representative accused product 2 addressed in the PIC. The PIC is relevant to the pending motion because the Order permits Defendant 3 to raise arguments based on failure to state a claim for direct or indirect infringement after service of 4 the PIC, if Defendant believes the PIC fails to demonstrate a plausible claim for relief. (*Id*. at 3.) 5 Accordingly, it was intended for Defendant to evaluate its arguments based not only on the allegations 6 in the complaint but also the PIC. However, while seeking withdrawal of certain infringement 7 allegations, Defendant concedes the PIC is "literally consistent with the [Order]." (Mem. of P.&A. 8 at 10.) Accordingly, Defendant's argument for withdrawal of infringement allegations is rejected.

9 Defendant next contends that its accused laptop computers cannot infringe the patents because 10 they do not include some of the limitations included in the patent claims. To address this argument 11 on the merits, the Court would have to engage in claim construction and infringement analysis, both 12 of which are premature at this stage of proceedings. Claim construction at the pleading stage without 13 the benefit of the claim construction process is problematic and may be inappropriate. *See Bill of* 14 *Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012). 15 Furthermore, Defendant's non-infringement arguments are rife with factual issues, which cannot be 16 decided on the pleadings, even as augmented by the PIC. *See Ultramercial, Inc. v. Hulu, LLC*, __ F.3d 17 __, 2013 WL 3111303 *3 (Fed. Cir. 2013) (court cannot decide factual issues on a Rule 12(b)(6) 18 motion). Defendant's motion for judgment of non-infringement is therefore denied.

19 Defendant also requests dismissal of induced infringement for failure to adequately allege the 20 claim, particularly with respect to the identity of induced infringers, knowledge of the pertinent 21 patents, that Defendants took action with intent to cause others to infringe, and knowledge that the 22 inducted acts would constitute infringement. *See Bill of Lading*, 681 F.3d at 1339 (discussing 23 elements). The Court disagrees. Plaintiff identified the induced infringers as Defendant's customers. 24 It is not required to precisely identify the induced infringers. *See id*. at 1336 ("To state a claim for 25 indirect infringement ... a plaintiff need not identify a *specific* direct infringer if it pleads facts 26 sufficient to allow an inference that at least one direct infringer exists."). Plaintiff alleged Defendant 27 has had notice of the patents at least since the filing this of this action. (Compl. ¶¶ 19, 29 & 39; PIC 28 at 5.) To show the defendant knew of the patent for purposes of induced infringement, it is sufficient

to show that the defendant became aware of it when the complaint was filed. *See Bill of Lading*, 681 F.3d at 1342-45. As to intent, Plaintiff alleged that after becoming aware of the patents, Defendant continued to sell its products and instruct its customers to use them in an infringing manner. (PIC at 5-6.) The intent element of induced infringement may ultimately be established by circumstantial evidence, and "may be inferred from all the circumstances." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008). Contrary to Defendant's suggestion, Plaintiff is not required to prove its case at this stage of proceedings. *See Bill of Lading.*, 681 F.3d at 1339. Upon review of the complaint in the context of the PIC, the requisite elements are adequately alleged to give Defendant fair notice of the claim as required by Rule 8(a)(2) and to comply with the Order After Case Management Conference. (Compl. ¶¶ 16, 26 & 36; Defs' Ex. 2 (PIC) at 5-6.) Defendants' motion for judgment dismissing the induced infringement claim is denied.

Finally, Defendant seeks dismissal of the contributory infringement claim. "[A] a party who sells a component with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial noninfringing use, is liable as a contributory infringer." *Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1353 (Fed. Cir. 2010) (internal quotation marks and citation omitted). Defendant maintains Plaintiff did not adequately allege lack of substantial non-infringing use. The complaint, read in the context of the PIC, includes sufficient allegations on this issue to give Defendants fair notice of the claim. (*See* Compl. ¶ 17, 27 & 37; PIC at 6.) To the extent Defendant urges dismissal because the accused products indeed have substantial non-infringing uses, this is an issue of fact not suitable for judgment on the pleadings. Defendant's motion for judgment dismissing the contributory infringement claim is therefore also denied.

**IT IS SO ORDERED.**

DATED: August 28, 2013

_____
HON. DANA M. SABRAW
United States District Judge